IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SHEKENIA YOLANDA GAY,

    Plaintiff,

v.   CASE NO. 1:15-cv-102-MP-GRJ

CAROLYN COLVIN, Commissioner
of Social Security,

    Defendant.

_____/

# REPORT AND RECOMMENDATION

Plaintiff appeals from a final decision of the Commissioner of Social Security ("the Commissioner") denying her application for Supplemental Security Income (SSI). ECF No. 1. The Commissioner has answered, and both parties have filed briefs outlining their respective positions. ECF Nos. 9, 14, 15. For the reasons discussed below, the undersigned recommends that the Commissioner's decision be **AFFIRMED**.

## I. PROCEDURAL HISTORY

Plaintiff protectively filed an application for SSI in September 2012, claiming disability commencing September 20, 2012, due to mental disorders, bipolar disorder, and schizophrenia. R. 132-37, 158. The claim

was denied initially and on reconsideration, and Plaintiff requested a hearing, which was held before an Administrative Law Judge ("ALJ") on October 1, 2014.  R. 24-45.  On December 30, 2014, the ALJ found Plaintiff not disabled and denied benefits.  R. 9-19.  The Appeals Council denied review.  R. 1-4.  This appeal followed.  Plaintiff asserts one issue for review:  The ALJ erred by failing to accord adequate weight to the opinion of Dr. Louis Baxter, a psychiatrist who treated Plaintiff, which resulted in the ALJ's failure to adopt the vocational expert's (VE) opinion that a person with Plaintiff's psychiatric limitations would be unable to maintain employment.  ECF No. 14.

## II.  STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence.[1] Substantial evidence is more than a scintilla, i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.[2]

---

[1] See 42 U.S.C. § 405(g) (2015).

[2] Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)); accord, Edwards v. Sullivan, 937 F.2d

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.[3] The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.[4] However, the district court will reverse the Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law.[5]

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental

---

580, 584 n.3 (11th Cir. 1991).

[3] Edwards, 937 F.2d at 584 n.3; Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991).

[4] Foote, 67 F.3d at 1560; *accord,* Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (holding that the court must scrutinize the entire record to determine reasonableness of factual findings); Parker v. Bowen, 793 F.2d 1177 (11th Cir. 1986) (finding that the court also must consider evidence detracting from evidence on which the Commissioner relied).

[5] Keeton v. Dep't Health and Human Servs., 21 F.3d 1064, 1066 (11th Cir. 1994).

impairment that can be expected to result in death, or has lasted or can be expected to last for a continuous period of not less than twelve months.[6] The impairment must be severe, making Plaintiff unable to do his previous work, or any other substantial gainful activity which exists in the national economy.[7]

The ALJ must follow five steps in evaluating a claim of disability.[8] First, if a claimant is working at a substantial gainful activity, he is not disabled.[9] Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled.[10] Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix

---

[6] 42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505 (2005) (All further references to 20 C.F.R. will be to the 2015 version unless otherwise specified.).

[7] 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

[8] 20 C.F.R. §§ 404.1520, 416.920. The claimant has the burden of proving the existence of a disability as defined by the Social Security Act. Carnes v. Sullivan, 936 F.2d 1215, 1218 (11th Cir. 1991).

[9] 20 C.F.R. § 404.1520(b).

[10] 20 C.F.R. § 404.1520(c).

1, he is disabled.[11]  Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled.[12]  Fifth, if a claimant's impairments (considering his residual functional capacity ("RFC"), age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled.[13]

### III.  SUMMARY OF THE RECORD

#### A.  Findings of the ALJ

The ALJ found that Plaintiff has the severe impairments of affective disorders, anxiety related disorders, and a history of substance abuse (cocaine and alcohol).  R. 11.  The ALJ found that Plaintiff's severe impairments did not meet or medically equal a listed impairment.  The ALJ determined that Plaintiff had the residual functional capacity for to perform a full range of work at all exertional levels with simple, routine tasks; no exposure to the general public, and only occasional collaborative efforts with co-workers and supervisors.  *Id*. at 13.  In determining Plaintiff's RFC,

---

[11] 20 C.F.R. § 404.1520(d).

[12] 20 C.F.R. § 404.1520(e).

[13] 20 C.F.R. § 404.1520(f).

the ALJ concluded that the opinion of treating physician Dr. Baxter, who completed a checklist assessing "marked" limitations in most mental functional areas, was entitled to little weight because no rationale was given for the opinion and it was contradicted by the evidence of record. *Id*. at 16-17.  Based on this RFC assessment and the testimony of a vocational expert (VE) at the hearing, the ALJ determined that Plaintiff could perform her past relevant work as a kitchen helper and therefore was not disabled.  In the alternative, the ALJ also determined, relying on the testimony of the VE, that given Plaintiff's age, education, work experience, and RFC, other work existed in significant numbers that Plaintiff could perform.  Accordingly, the ALJ found that Plaintiff was not disabled.  R. 17-19.

### B.  Medical Evidence

In July 2010, Plaintiff was referred to Meridian Behavioral Healthcare by the state court.  Plaintiff reported smoking crack cocaine for 10 years on a daily basis, but stated she was down to every other day.  She began drinking at age 18 and drank eight beers daily.  She reported having been diagnosed with bipolar/schizophrenia.  She reported numerous detox

attempts for crack and alcohol.  Plaintiff had a history of sexual and physical abuse during her childhood spent in foster care.  She reported her mood as "okay" and her affect was euthymic.  Her though process/content was linear and goal directed.  She denied auditory/visual hallucinations or suicidal/homicidal ideation.  She was diagnosed with crack cocaine/alcohol dependence, PTSD, anxiety, cluster B traits, and was assigned a GAF of 50.  Plaintiff was to be admitted to Bridge House for substance abuse treatment.  R. 299-300.

   A May 2012 discharge summary from Meridian reflects that Plaintiff was being discharged from the Forensic Outreach Program, where she began treatment in February 2012.  Plaintiff had missed group sessions, consistently tested positive for drug use, and "no showed" for appointments.  Plaintiff had shown little improvement even after intervention from staff and had demonstrated that she might not be ready for substance abuse treatment.  This was the second time Plaintiff had been linked with group therapy and case management, and based on her sporadic participation the treatment team decided to discharge her.  The notes reflect that Plaintiff's first admission was from February 3, 2010,

through September 30, 2010, when she was rearrested. Following her residential admission to Bridge House, she was unsuccessfully discharged. Plaintiff's diagnosis was cocaine dependence, and at the time she was determined to be in violation of her probation due to non-compliance with treatment. R. 223-25.

Plaintiff received medical treatment at Helping Hands Clinic. Her records for the period September 2010 through February 2014 reflect that she was diagnosed with hypertension; allergies, major depressive disorder; polysubstance dependence; upper respiratory infection; asthma; history of migraines; nausea; non-compliance; right ankle sprain; mood disorder, NOS; history of schizophrenia; history of bipolar disorder; dental pain; pneumonia; and bipolar affective disorder. *See* R. 304-71. (Exhibits 2F-4F, Helping Hands Clinic treatment notes).

In January 2012, Plaintiff was described as pleasant and in no apparent distress. She had good grooming, her mood was "OK", despite reporting "angry rages," and her affect was interactive. In March 2012, she was feeling well and in a recovery program. In July 2012, Plaintiff was out of jail and off of her medication and wanted back on; her mood was stable.

In August 2012, Plaintiff was deemed psychiatrically stable.  In September 2012, Plaintiff reported feeling well and that things were going well.  In November 2012, Plaintiff reported that the psychiatric medications were helpful.  She was alert and oriented, her mood was okay, and her affect was guarded.  In March 2013, notes reflect that her hypertension was controlled.  Plaintiff reported shortness of breath and being depressed since being off of her medications for a few months.  She isolated herself and had increased irritability.  In October 2013 she was off Seroquel with increased stress and hearing voices.  In January 2014, notes reflect that Plaintiff stopped Seroquel, Lithium, and Remeron because she was pregnant.  The RN stated that she needed to be on Combivent and Proventil.  In February 2014, notes reflect that Plaintiff's hypertension and asthma were controlled.  *Id*.

   Dr. Baxter of Helping Hands Clinic submitted a mental residual functional capacity assessment in August 2014 that indicated Plaintiff had mostly marked and extreme limitations in all areas of mental functioning. R. 372-74.  Plaintiff's counsel sent Dr. Baxter a letter asking him to clarify whether "polysubstance abuse was a material factor in your assessment . .

. the Social Security Administration uses a 'but for' test of materiality, i.e. if the person's mental health would otherwise be ok but for the substance abuse, then the substance abuse is material." R. 375. Dr. Baxter appended a handwritten note to counsel's letter stating "substance abuse is not a factor. Has had none with my term of care." *Id*.

### C. Summary of Hearing Testimony

Plaintiff was 36 years old at the time of the October 1, 2014, hearing. She testified that she dropped out of school after 10th grade when she became pregnant. Plaintiff last worked around the end of 2008 at a fast-food restaurant. Plaintiff testified that she has not worked because she does not do very well with others and she feels she cannot accomplish anything. Plaintiff acknowledged her history of cocaine dependence and stated that she stopped using cocaine about three months prior to the hearing. She testified that she lost interest in working when her depression was very severe.

Plaintiff was homeless at the time of the hearing, and spent her days at the St. Francis House to shower and take medications. She has family,

including four children, but does not see them. She testified that she is a loner, becomes irritable, and does not associate with a lot of people, although she also testified that she has a partner with whom she spends most of her time. She used to have a hobby of reading and coloring, but is unable to concentrate and finish projects.

Plaintiff testified that she has treated with Dr. Baxter for three or four years. He prescribes her medications for mood swings, hearing voices, and sleep. Her medications are lithium, Seroquel, and Remeron.

The VE testified that Plaintiff's past relevant work was as a fast food worker and kitchen helper. He testified that a person who is capable of performing simple, routine tasks with no exposure to the public could work as a kitchen helper, which should prevent Plaintiff from working in the public. Alternatively, the VE testified that a person with Plaintiff's age, education, and work experience, with the same limitations, could perform other jobs, including work station jobs such as hand packager, cleaner, and assembler of small parts. Plaintiff's representative asked whether such jobs would be appropriate if the person had a marked inability to

respond appropriately to criticism, and the VE responded that that would be a "real issue." R. 26-44.

## IV. Discussion

In her sole issue for review, Plaintiff contends that the ALJ erred, as a matter of law, by failing to accord adequate weight to Dr. Baxter's opinion. Specifically, Plaintiff contends that the ALJ improperly rejected Dr. Baxter's opinion assessing marked functional limitations because (1) Plaintiff's counsel requested the opinion, "therefore making it suspect"; and (2) the ALJ disapproves of Plaintiff's crack cocaine abuse. Plaintiff contends that drug abuse does not disqualify a claimant for benefits if the drug abuse is not a material factor in the claimant's disability, and Plaintiff's treating physician opined that substance abuse was not a material factor. Plaintiff asserts that the ALJ chose to ignore the law and instead went with a "gut feeling" that the psychiatrist's opinion can't be true. ECF No. 14 at 9-10.

It is well-established that substantial or considerable weight must be given to the opinion, diagnosis and medical evidence of a treating

physician unless "good cause" is shown to the contrary.[14]  If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight.[15]

While there is no requirement for the ALJ to discuss every medical record in the administrative record, he is "required to state with particularity the weight he gave the different medical opinions and the reasons therefor."[16]  Additionally, because an ALJ is not permitted to substitute his judgment for that of the medical experts,[17] the ALJ cannot reject portions of

---

[14] Crawford v. Commissioner of Social Security, 363 F. 3d 1155, 1159 (11th Cir. 2004) (citing Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir.1997)) ("We have found 'good cause' to exist where the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding. We have also found good cause where the doctors' opinions were conclusory or inconsistent with their medical records."). See also Edwards v. Sullivan, 937 F.2d 580, 583-584 (11th Cir. 1991); Sabo v. Commissioner of Social Security, 955 F. Supp. 1456, 1462 (M.D. Fla.1996); 20 C.F.R. § 404.1527(d).

[15] 20 C.F.R. § 404.1527(d)(2).

[16] Lucas v. Sullivan, 918 F.2d 1567, 1574 (11th Cir. 1990)(noting "the ALJ should state the weight he accords to each item of impairment evidence and the reasons for his decision to accept or reject that evidence").

[17] Graham v. Bowen, 786 F.2d 1113, 1115 (11th Cir. 1986); Freeman v. Schweiker, 681 F.2d 727, 731 (11th Cir. 1982).

a medical opinion without providing an explanation for such a decision.[18] Where an ALJ fails to sufficiently explain how he reached his decision, the Court may not speculate.[19]

To determine the weight to be accorded a treating physician's opinion, the ALJ must consider the factors set forth in 20 C.F.R. § 404.1527(d), which include the length of treatment, frequency of examination, nature and extent of the treatment relationship, support of opinion afforded by medical evidence, consistency of opinion with the records as a whole, and specialization of the treating physician.

In assessing the medical evidence, the ALJ noted Plaintiff's treatment history with Dr. Baxter. The ALJ determined nonetheless that Dr. Baxter's opinion regarding Plaintiff's functional limitations, expressed on a "checked box form," was entitled to little weight because "there is absolutely no rationale given for an opinion that appears to so extremely contradict the evidence of a woman who has abused crack cocaine for over a decade and made little or no effort to stop using." R. 16.

---

[18] Morrison v. Barnhart, 278 F. Supp. 2d 1331, 1337 (M.D. Fla. 2003).

[19] Owens v. Heckler, 748 F.2d 1511, 1516 (11th Cir. 1984).

The ALJ further explained her conclusion by stating that Dr. Baxter's opinion regarding the severity of Plaintiff's mental impairment was not supported by the treatment records from Helping Hands Clinic or the other evidence of record that documented non-compliance with medication and treatment.  The ALJ observed that the form was completed at the request of Plaintiff's attorney, and included "no discussion of cocaine dependence which gives this opinion limited value as the evidence of record clearly shows alcohol and cocaine dependence with no desire for treatment." *Id*. at 16-17.

On this record, the Court concludes that the ALJ articulated good cause for not affording substantial or considerable weight to Dr. Baxter's assessment.  As the ALJ explained, the checklist assessment was not supported by any articulated rationale for the limitations found by Dr. Baxter.  Plaintiff essentially adopts the summary of the medical evidence set forth in the ALJ's decision, and points to no evidence in the treatment records that supports the limitations found by Dr. Baxter.  *See* ECF No. 14 at 8-9.  Dr. Baxter's notation that Plaintiff "has had none [polysubstance abuse] during my term of care" is wholly at odds with the record evidence,

including Plaintiff's own testimony that she used crack cocaine until three months prior to the October 2014 hearing.

Further, as the Commissioner contends, Plaintiff's assertion—that her drug abuse is not material (based on Dr. Baxter's note) and does not disqualify her from benefits— is misplaced.  The Social Security regulations explain:

> If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability, unless we find that you are eligible for benefits because of your age or blindness.

20 C.F.R. § 416.935(a).  As the regulations make clear, it is only "[i]f we find that you are disabled" that the agency must then determine whether drug addiction is a contributing factor material to the determination of disability in order to determine whether the agency would still find the claimant disabled if they stopped using drugs.

In this case, the ALJ did not find that Plaintiff was disabled, considering all of her documented impairments, including polysubstance abuse.  The ALJ's discussion of Plaintiff's polysubstance abuse in the context of Dr. Baxter's statement was to point out that his note that

Plaintiff had "none" during his term of care was completely contrary to the record.  This was a basis for affording "little weight" to Dr. Baxter's assessment, which, as the ALJ found, assigns a severity of limitation that is not supported in Plaintiff's medical records.

In sum, the ALJ's decision reflects that the ALJ correctly considered the factors set forth in 20 C.F.R. § 404.1527(d) in determining that Dr. Baxter's assessment of Plaintiff's functional limitations should be afforded little weight.  The ALJ's decision is supported by the evidence of record, including the treatment notes and Plaintiff's testimony.  Accordingly, the Court finds that the ALJ's  decision to afford the opinion little weight is supported by substantial evidence.

## V.  RECOMMENDATION

For the foregoing reasons, it is respectfully **RECOMMENDED** that the decision of the Commissioner should be **AFFIRMED**.

**IN CHAMBERS** this 6th  day of September 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**